**UNITED STATES of America et al.,**

v.

**STATE TAX COMMISSION et al.**

**Civ. A. No. 70–652–C.**

United States District Court,
D. Massachusetts.

Aug. 9, 1972.

---

Division, General Litigation Section, Dept. of Justice, Washington, D. C., for the United States.

Edward O. Proctor, Chester M. Howe, Daniel B. Bickford, Ely, Bartlett, Brown & Proctor, Boston, Mass., for intervening plaintiffs.

Daniel J. Johnedis, Ass. Atty. Gen., Boston, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a civil action for declaratory relief originally filed by the United States of America as plaintiff against the Massachusetts State Tax Commission and the individual members thereof. Six federally chartered federal savings and loan associations with places of business in various parts of the Commonwealth of Massachusetts were allowed to intervene as parties-plaintiff, both in support of the allegations in the original complaint and for the purpose of seeking additional declaratory relief.

A stipulation of facts executed by counsel for all parties was filed and thereafter a motion for summary judgment on behalf of all parties-plaintiff was submitted to the court on the basis of briefs filed with reference thereto. It was stipulated by counsel for all parties that they are of opinion that there is no issue of material fact presently outstanding herein and that, pursuant to Rule 56, Federal Rules of Civil Procedure, the case is ripe for a determination of the legal issues on the basis of the motion for summary judgment.

Questions going to the issues of standing, subject matter jurisdiction, propriety of the parties to the suit, and the need for a three-judge court, were all resolved favorably to plaintiffs in an order entered on July 8, 1971. These matters will not be rediscussed in this opinion.

This litigation is centered around M. G.L., c. 63, § 11 entitled "Taxation of Savings Banks, Cooperative Banks and Savings and Loan Associations." Plain-

Joseph L. Tauro, U. S. Atty., Wayne B. Hollingsworth, Asst. U. S. Atty., Boston, Mass., Charles Stratton, Atty., Tax

tiffs claim that Section 11 violates both the Supreme Law clause and 12 U.S.C.A. § 1464(h). It provides, in pertinent part:

> Every savings bank . . . every co-operative bank . . . and every state or federal savings and loan association located in the commonwealth shall pay to the commissioner an annual excise equal to the following:
>
> .   .   .   .   .   .
>
> (2) one-twentieth of one per cent of the average amounts of its deposits or of its savings accounts and share capital . . . after deducting from such average amounts . . .
>
> (ii) the unpaid balances on its loans secured by the mortgage of real estate taxable in this commonwealth or real estate situated in a state contiguous to the commonwealth, and within a radius of fifty miles of the main office of such bank or association. . . .

A cursory reading of the statute indicates that a deduction from the tax on deposits is allowed to banks on the balances of mortgage loans secured by real estate located in Massachusetts, or in a state contiguous to Massachusetts and within 50 miles of the home office. M. G.L., c. 168, § 34(2) provides that the lending area for savings banks shall be in Massachusetts or that portion of a state contiguous to Massachusetts and within 50 miles of the home office of the bank. M.G.L., c. 170, § 23 provides that the lending area for cooperative banks may be upon real estate in the Commonwealth or that portion of a state contiguous to the Commonwealth and within 25 miles of the home office. M. G.L., c. 93, § 34 provides only that the bank commissioner shall have the same powers with respect to savings and loans as he now has with respect to savings banks. A reasonable inference is that state savings and loan associations are limited to the same lending area as savings banks.

12 U.S.C.A. § 1464(c), however, provides that federal savings and loan associations shall lend their funds " . . . upon real property within one hundred miles of their home office or within the State in which such home office is located. . . ."

12 U.S.C.A. § 1464(h) provides in pertinent part:

> "No state . . . taxing authority shall impose any tax on such associations . . . greater than that imposed by such authority or other similar local mutual or cooperative thrift and home financing institutions."

The nub of this entire controversy is plaintiff's contention that Section 11(a) of c. 63 violates 12 U.S.C.A. § 1464(h) because that statute operates in fact to impose a greater tax on federal savings and loan associations than on similar state-chartered institutions by denying to the federally chartered institutions a deduction which is available to the state institutions. Specifically, plaintiffs say that the state statute operates to deprive them of the deduction computed on the basis of the value of their outstanding secured loans, secured by property located in contiguous states but at a distance in excess of fifty and less than one hundred miles from the bank's home office.

The significance in dollar impact of this contention is established by Exhibit 3 of the Stipulation of Facts. Exhibit 3 to the Stipulation of Facts establishes that in the years 1966 through 1970 the total unpaid balances on loans made by federal savings and loan associations and secured by mortgages on real estate located outside of Massachusetts and between 50 and 100 miles of the banks' main offices rose from $113,917,000 in 1966 to $461,322,000 in 1970. The gravamen of the plaintiffs' arguments in the instant case is that M.G.L., c. 63, § 11(a), which proscribes the taking of a deduction by federal savings and loan associations on account of these ineligible loan balances, operates as a barrier to the free flow of capital from Massachusetts savings and loan associations to

other federal savings and loan associations outside the state borders, in violation of express congressional direction, that it creates a discriminatory scheme of taxation which effectively imposes a heavier tax on instrumentalities of the United States (federal savings and loan associations) than upon similar lending associations chartered by the Commonwealth of Massachusetts, that the statute substantially interferes with operations, powers and functions of instrumentalities of the United States by bringing economic duress consisting of higher taxation to bear upon the federal savings and loan associations and thus forcing them to alter lending practices created and authorized by Congress, and, finally, that the statute violates the United States Constitution Supreme Law clause, and Title 12 U.S.C.A. § 1464.

A reading of the statute under attack makes it clear that the Massachusetts Bank Excise Tax Act provides a deduction from the tax base for the unpaid balances on loans secured by a mortgage on real estate situated in a state contiguous to the Commonwealth and within a radius of 50 miles of the main office of each bank. It is clear from the stipulation that the thirty-five federally chartered savings and loan associations which are located in the Commonwealth of Massachusetts hold multimillion dollars worth of loans secured by real estate outside the area in which the deduction created by state law is operative.

■ I rule that M.G.L., c. 63, § 11, as amended, as applied to federal savings and loan associations, is illegal, and in violation of the Supreme Law clause, Art. VI, Section 2 of the United States Constitution, and Title 12, § 1464, United States Code, for the reason that this statute operates in a very real way to bring intense economic pressure to bear on federally chartered banks which it does not bring to bear in any meaningful way on state chartered banks because of the fact that other state legisla-

tion severely restricts state-chartered banks from making any substantial amount of loans in non-exempt areas.

I further rule that the operation of this statute interferes with the abilities of federal savings and loan associations to freely carry out the policies and programs expressed in the legislation enacted by the Congress of the United States and in the regulations lawfully promulgated pursuant thereto. These federal agencies have a right to be free from discriminatory taxation of the type embodied by c. 63, § 11, which I find is an unreasonable burden on the circulation of loans for home improvements in interstate commerce.

■ Intervening plaintiffs have also attacked M.G.L., c. 63, § 11, on the ground that credit unions are not subject to excise tax under that section. Suffice it to say that this court finds enough statutory differences between the powers, functions and legislative policy behind the creation of credit unions, savings banks, cooperative banks, and savings and loan associations, which are subject to the tax of M.G.L., c. 63, § 11, to justify the exclusion of credit unions from the excise. I, therefore, rule that a credit union is not a " . . similar local mutual or cooperative thrift and home financing institution[s]" within 12 U.S.C.A. § 1464(h), and thus the different treatment by the state of these two types of institution does not violate 12 U.S.C.A. § 1464(h) because there is a valid basis for different treatment of credit unions in the nature, powers and duties and purposes of credit unions as contrasted with savings banks, cooperative banks, and savings and loan associations.

The intervenors also attack that part of M.G.L., c. 63, § 11, which relates to deductions from gross income to arrive at net operating income. The statute provides in pertinent part:

"For the purpose of this section, 'net operating income' shall mean gross in-

come from all sources, without exclusion, for the taxable year, less  .  .  . (iv) minimum additions during the taxable year to its guaranty fund or surplus required by law or the appropriate federal and state supervisory authorities.  .  .  ."

Intervening plaintiffs challenge the provision concerning the deductions for additions to the guaranty fund because of disparities in federal and state requirements for such additions which allegedly result in a different incidence of taxation for federally chartered and state chartered savings institutions otherwise similar.

█  I rule that there is no discrimination in the manner in which M.G.L., c. 63, § 11, provides for determining net operating income for tax purposes since the state statute in no way attempts to either regulate, influence or interfere with the federal policy of determining the amount of guaranty requirements by federal standards.  12 C.F.R.  563.13 gives the Federal Home Loan Bank Board the exclusive right to determine how much of a guaranty reserve fund must be maintained by a Federal Savings and Loan Association.  There is nothing to preclude the Federal Home Loan Bank Board from altering the minimum guaranty requirements of federal savings and loan associations so as to provide a greater tax shelter to the Federal Savings and Loan associations than is allowed by the application of state law.  I, therefore, find no violation of 12 U.S.C.A. § 1464(h).

█  Finally, intervening plaintiffs have requested the court to declare the "net operating income" tax as provided for in M.G.L., c. 63 § 11, invalid because of its failure to provide for a deduction from gross income of dividends or interest paid depositors.  In view of the fact that this matter is currently pending before the State Tax Commission I abstain from determining this question.